## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Daniel Ray Stepp

March 31, 1998

Case No. (Criminal) 11287

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the motion of the defendant to suppress the results of the analyses of his blood taken pursuant to a search warrant issued by a Loudoun County magistrate because the sample of his blood was taken pursuant to the warrant in Fairfax County, which is outside of the judicial district of the Loudoun County magistrate. After consideration of the argument of counsel on March 16, 1998, and the authorities submitted, the motion to suppress is denied.

The facts are undisputed. On October 4, 1997, the defendant was driving a motor vehicle on Edwards Ferry Road in Loudoun County. The vehicle went off the road and struck a tree at about 10:00 a.m. A passenger in the vehicle was killed. The defendant was injured in the accident. He was transported by helicopter to Fairfax Hospital in neighboring Fairfax County.

The accident was investigated by the Virginia State Police. Trooper D. G. Simons went to a Loudoun County magistrate to secure a search warrant for a sample of the defendant's blood. In his affidavit for the search warrant, Trooper Simons stated:

Daniel Ray Stepp was observed driving at a high rate of speed by eyewitnesses in a 35 M.P.H. zone in Loudoun County, Va., on Edwards Ferry Road. Mr. Stepp lost control of vehicle striking a tree killing the passenger, Allan Taylor. Trooper Belcher overheard a conversation by Loudoun Hospital personnel talking to Fairfax

Hospital personnel. Trooper Belcher heard that Daniel Ray Stepp was intoxicated.

The Loudoun County magistrate sitting in Loudoun County issued the search warrant at 2:28 p.m. The blood sample was taken pursuant to the search warrant at Fairfax Hospital in Fairfax County at 3:15 p.m. The magistrate who issued the search warrant is a magistrate of the 20th Judicial District which includes Loudoun, Fauquier, and Rappahannock Counties. Fairfax County is in another judicial district.

The Loudoun County magistrate who issued the warrant had not been authorized to exercise his powers in a contiguous jurisdiction pursuant to Virginia Code § 19.2-44.

Counsel have not cited any statutory or case law on the validity of a search warrant executed outside of the judicial district of the magistrate who issued the search warrant. Chapter 1 of Title 19.2 of the Virginia Code, which concerns magistrates, and Chapter 5 of the same title, which concerns search warrants, are silent on the issue. However, counsel have cited an opinion of the Attorney General dated August 15, 1984, wherein he opined that a magistrate may not issue a search warrant for execution beyond the magistrate's own judicial district. The Attorney General reached his conclusion based on several statutes that he felt were inconsistent with the suggestion that a magistrate may issue a warrant authorizing a search in a judicial district beyond that for which he was appointed.

I respectfully disagree with the opinion of the Attorney General. The statutes cited by the Attorney General concern the authority of a magistrate to act. Virginia Code § 19.2-44 provides that a magistrate may exercise the "powers conferred by this title only in the judicial district for which he is appointed." Section 19.2-35 provides that a magistrate is appointed "to serve the entire judicial district for which the appointment is made." These two sections only concern the geographical area in which a magistrate may exercise his powers. A magistrate has the power under § 19.2-45(2) to issue a search warrant. Search warrants are executed by law enforcement officers under § 19.2-56. A magistrate's power is to *issue* a search warrant. A magistrate does not have the power to *execute* a search warrant. In this case the magistrate issued the search warrant in his judicial district as authorized by the statutes.

I see no reason why a search warrant should be treated differently from an arrest warrant. Under Chapter 7 of Title 19.2, an arrest warrant issued by a magistrate can be executed anywhere in the Commonwealth.

Section 19.2-66, pertaining to wiretaps, requires that the order be issued by a judge of the jurisdiction in which the requested intercept is to be made. This is a specific statutory procedure adopted by the legislature. It has no relevance at all to the powers of a magistrate, even if, as the Attorney General pointed out in his August 15, 1984, opinion, referred to above, a judge and a magistrate both have the authority to issue search warrants.

It is my opinion that the statutes do not prohibit the execution of search warrants outside of the judicial district of the magistrate issuing the search warrant as long as the search warrant is issued by the magistrate in his judicial district.

Even if the search warrant could not be executed in Fairfax County because it was issued by a magistrate in Loudoun County, it is merely a violation of a procedural statute. It is clear in Virginia that violations of state procedural statutes, while viewed with disfavor, do not lead to the exclusion of evidence where there has been no deprivation of the defendant's constitutional rights. *Horne v. Commonwealth*, 230 Va. 512 (1986); *West v. Commonwealth*, 16 Va. App. 679 (1993).

The only impermissible act that occurred was the execution of the search outside of the magistrate's judicial district. The search warrant was issued upon probable cause. The defendant does not assert a lack of probable cause. If the blood sample had been taken from the defendant in Loudoun County, the defendant would have no ground for his motion.

The defendant's constitutional rights under the Fourth and Fourteenth Amendments against an unreasonable search and seizure have been protected. The search warrant was issued upon probable cause supported by an affidavit particularly describing the place to be searched and the thing to be seized. No constitutional provision addresses where a search warrant must be issued or where it must be executed.

The execution of a search warrant in Fairfax County that had been issued by a magistrate in another judicial district is a statutory violation, similar to the statutory delay in bringing a suspect before a magistrate as in *Horne* or to the filing of an inventory and return not in compliance with § 19.2-57 as in *West*.

For the foregoing reasons, the defendant is not entitled to the suppression of the analyses of his blood taken pursuant to the search warrant. The purpose of the exclusionary rule is to deter police misconduct rather than to punish errors of magistrates. *Derr v. Commonwealth*, 242 Va. 413, 422 (1991).

There is no specific statute or case law that limits the effectiveness of a search warrant to the judicial district of the issuing magistrate. The

defendant's constitutional rights have been protected. The only fact which the defendant seeks to use to his benefit is that he was outside the judicial district of the magistrate when the blood sample was taken. This does not amount to improper police misconduct. There is no need to exclude the evidence.

The Clerk will prepare an order denying the motion to suppress. The defendant's exceptions are duly noted.